UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61740-CIV-HUCK/O'SULLIVAN

CARL SHELL,

        Plaintiff,

vs.

TERESA VOM SAAL, *et al.*,

        Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND GRANTING LEAVE TO AMEND

THIS CAUSE is before the Court upon filing of Plaintiff's Complaint [DE #1], Application for Leave to Proceed *In Forma Pauperis* [DE #2], and Motion for Appointment of Special Process Server [DE #3]. The Court has carefully considered the filings and is otherwise fully advised in the premises. Because Plaintiff's complaint fails to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e), this Court is required to dismiss the complaint *sua sponte*.

When a Plaintiff requests to proceed in this Court *in forma pauperis*, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), the Court has the obligation to review the complaint to determine whether it states a claim. The statute requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). However, a court should not dismiss pursuant to § 1915 for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted)*; see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004).

In his complaint, Plaintiff lists several potential defendant parties and makes reference to several laws, however he alleges no facts or details by which this Court can discern exactly who he is bringing suit against and on what theory. Plaintiff makes a demand for damages and a judgment

as to individual liability, but gives no details as to any conduct undertaken by any party that is alleged to have violated the law. Indeed, the complaint not only lacks the "short and plain statement of the claim showing that the pleader is entitled to relief" required by Rule 8 of the Federal Rules of Civil Procedure, but is also drafted in nearly illegible handwriting.

Dismissal is also required under 28 U.S.C. §1915(e)(2)(B)(i) when the action is "frivolous or malicious." Under this provision of the statute, dismissal is appropriate when the plaintiff is engaged in repetitive litigation. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972). The Court notes that Plaintiff has filed several similar lawsuits in the Southern District of Florida against some of the same defendant parties named by Plaintiff in this case.[1] Plaintiff has filled four previous lawsuits in the Southern District of Florida and three in Florida state court, all apparently related to his present suit.[2] It appears that Plaintiff is suing some of the same parties in this suit as he has named in some of his previous suits: he has named Teresa Vom Saal in at least two of the other cases, has sued the Hollywood Housing Authority or its commissioners in at least five of the previously filed suits, and has sued the Department of Housing and Urban Development or its agents in at least one other lawsuit. Plaintiff has provided nothing in his complaint or any subsequent pleading explaining why he should be permitted to proceed *in forma pauperis* on this apparently repetitive action.

Because the Plaintiff's complaint, even under a liberal reading, fails to state a claim, it must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). However, Plaintiff will be given the opportunity to file an amended complaint. The amended complaint should contain facts and allegations that adhere to the requirements of Rule 8(a), Federal Rules of Civil Procedure, including the need for "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Plaintiff should set out who each party is, and the basis for each party's liability, in concise "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10. Additionally, in light of 28 U.S.C. §1915(e)(2)(B)(i), Plaintiff should also apprise the

---

[1] A court may take judicial notice of its own records, and it has authority to consult those records for the purpose of determining whether an action being prosecuted *in forma pauperis* is in fact frivolous or malicious. *Procup v. Strickland*, 567 F. Supp. 146, 150 n.4 (M.D. Fla. 1983)

[2] *See* 07-61261-CIV-DIMITROULEAS, 08-60589-CIV-DIMITROULEAS, 08-60999-CIV-DIMITROULEAS, and 08-61154-CIV-ZLOCH.(Southern District of Florida cases); *see also* 07-61261-CIV-DIMITROULEAS, D.E. #197 for a history of the state cases.

Court as to why this action is not iterative of the lawsuits Plaintiff has filed previously in either this court or the state courts. Plaintiff should also do his best to insure that his pleadings are legible.

Accordingly, pursuant to 28 U.S.C. §1915(e)(2), Plaintiff's complaint is hereby DISMISSED WITHOUT PREJUDICE for failure to state a claim. Plaintiff's motions to proceed *in forma pauperis* and for the appointment of a special process server are taken under advisement to provide Plaintiff an opportunity to file an amended complaint as set forth herein. Plaintiff will have until **Tuesday, November 25, 2008** by which to file an amended complaint. Failure to file an amended complaint within the specified time period may result in the denial of Plaintiff's pending motions and the closure of this case.

DONE in Chambers at Miami, Florida, November 12, 2008.

Paul C. Huck
United States District Judge

Copies furnished to:
Carl Shell, *pro se*